1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION


MARIANA RAMIREZ,                )   No. CV 05-05889 (SH)
                                )
            Plaintiff,          )   MEMORANDUM DECISION
                                )   AND ORDER
v.                              )
                                )
JO ANNE B. BARNHART,            )
Commissioner of the Social      )
Security Administration,        )
                                )
            Defendant.          )
_____)

This matter is before the Court for review of the decision by the

Commissioner of Social Security denying plaintiff's application for Supplemental

Security Income under Title XVI of the Social Security Act.  Pursuant to 28 U.S.C.

§ 636(c), the parties have consented that the case may be handled by the

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

undersigned.  The action arises under 42 U.S.C. § 405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner.  The plaintiff and the defendant have filed their pleadings, the defendant has filed the certified transcript of record, and the parties have filed a joint stipulation.  After reviewing the matter, the Court concludes that the decision of the Commissioner should be reversed and remanded.

On October 2, 2002, plaintiff Mariana Ramirez filed an application for Supplemental Security Income alleging an inability to work since January 1, 1993, due to carpal tunnel syndrome in the hands, diabetes, thyroid condition, glaucoma and high blood pressure.  (Administrative Record ["AR"] 72-75).  On November 10, 2003, an Administrative Law Judge ("ALJ") determined that plaintiff was not disabled within the meaning of the Social Security Act.  (AR 17-29).

Plaintiff makes two challenges to the ALJ's determination.  Plaintiff alleges that the ALJ erred (1) in improperly evaluating the plaintiff's residual functional capacity ("RFC") by failing to address the totality of the plaintiff's limitations and making a faulty credibility assessment and (2) in improperly determining plaintiff's ability to work at Step 5 of the sequential analysis.  For the reasons discussed below, the Court finds that plaintiff's claims of error have merit.

2

**ISSUE NO. 1:**

Once the claimant produces objective medical evidence of an underlying impairment the ALJ may still reject the claimant's excess pain testimony, but only by setting forth clear and convincing reasons for doing so.  Light v. Social Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997)(citing Smolen v. Schater, 80 F.3d 1273, 1281 (9th Cir. 1996)); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998).  In this case, the reasons set forth by the ALJ for denying the plaintiff's subjective claims are insufficient.

The ALJ's first contention, that the objective evidence does not support the plaintiff's claims, is untenable.  While the ALJ notes a negative X-Ray and lack of atrophy, he fails to note the medical findings in the record demonstrating positive Tinel's and Phalen's signs, a prescription for wrist braces, and injections of Celesdone for trigger finger.  (A.R. 164).  The ALJ's second contention, that the plaintiff's treating physicians have only recommended conservative treatment, seems to result from a cursory review of the record but is belied by the record.  On October 1, 2001, the plaintiff's physician planned for left carpal tunnel release surgery, left middle finger carpal trigger release surgery, and right carpal tunnel release surgery at a later date.  (A.R. 162).  The plaintiff explained that she was afraid of surgery because she felt as though it would only worsen her condition.

The ALJ's third and fourth contentions, that the plaintiff's diabetes and thyroid problems are under control when she is compliant with medication, simply do not relate to her subjective complaints of pain related to carpal tunnel.  The fifth contention, that the plaintiff's daily activities as described are not as limited as one would expect, is untenable.  "Disability does not mean that a claimant must vegetate in a dark room excluded from all forms of human and social activity." Cooper v. Bowen, 815 F.2d 557, 561 (9th Cir. 1987).  Sixth, the ALJ's assertion that the plaintiff's medications do not cause debilitating side effects again does not relate to the underlying condition of carpal tunnel syndrome or trigger finger. Finally, the ALJ's contention that the plaintiff's participation in the hearing was not hampered by her disability is nonsensical.  Because it is the plaintiff's hands that are injured, it is difficult to understand how she would be precluded answering questions at a hearing.  Furthermore, an ALJ's observation that plaintiff did not exhibit "physical manifestations of prolonged pain at the hearing provides little, if any, support for the ALJ's ultimate conclusion that the claimant is not disabled or that his allegations of constant pain are not credible." Gallant v. Heckler, 753 F.2d 1450, 1455 (9th Cir. 1984).

The plaintiff described her condition as proscribing her from lifting due to weakness in the hands.  (A.R. 25).  She noted that this weakness limited her to

holding or carrying no more than five pounds at a time.  (Id.)  Even if this claim

was exaggerated, and the plaintiff is capable of lifting ten pounds, she would be

limited to performing no more than "sedentary work."  See C.F.R. § 416.967.  The

ALJ described the plaintiff as an individual of advanced age (55 or older), having

no ability to communicate in English, and with no transferable skills.  (A.R. 27).

Furthermore, the plaintiff has only completed a 9th grade education in Ecuador.

(A.R. 34).  Given these restrictions, the Medical-Vocational Guidelines suggest a

finding of disabled.  20 C.F.R. pt. 404, subpart P, app. 2, § 201.01.


**ISSUE NO. 2:**

If the plaintiff suffers from non-exertional limitations not contemplated by

the grids, the ALJ is required at step five to call upon a vocational expert ("VE") to

establish whether the plaintiff is disabled.  Tackett v. Apfel, 180 F.3d 1094 (9th

Cir. 1999).  When attempting to classify the various exertional and non-exertional

requirements of various lines of work, the information provided by the Dictionary

of Occupational Titles ("DOT") creates a rebuttable presumption.  Terry v.

Sullivan, 903 F.2d 1273 (9th Cir. 1990).  This presumption may only be rebutted

on a finding of persuasive evidence.  Johnson v. Shalala, 60 F.3d 1428, 1435 (9th

Cir. 1995).  Furthermore, Social Security Ruling 00-4p requires adjudicators to

provide reasonable explanations for the conflict before relying on VE evidence in place of the DOT.

In this case, the ALJ set forth the plaintiff's limitations as including a complete inability to communicate in English. (AR 27). However, at the hearing the VE testified that the plaintiff had the ability to perform work as a school bus monitor and a cafeteria attendant, both listed in the DOT as requiring a General Educational Development level of 2. (AR 45-46). The VE described this level of development as requiring the abilities to understand written or oral instructions, deal with problems in "concrete verbal," and read 5,000 words. (Id.) The VE then attempted to justify these findings by asserting that the DOT "doesn't specify a language." (Id.) The flaw in this logic is self-evident. If it were the case that the DOT's GED requirements were indiscriminate with respect to language, the plaintiff could deal with problems in "concrete verbal" using Swahili. The VE's testimony does not amount to persuasive evidence.

Defendant's argument that plaintiff's Ecuadorian education satisfies the requirements set forth in the DOT falls short for the same reasons. While the DOT may not specify where schooling must be completed, it seems evident that the authors did not intend to indicate that a 9th grade education completed in a language other than English would appropriately prepare the student for work in

the United States.

Defendant's contentions that the plaintiff is capable of performing work at a GED of 2 because her past relevant work was performed at GED 3 are likewise unconvincing.  The VE's analysis of the plaintiff's past relevant work considered only the Specific Vocational Preparation and exertional level necessary to perform work as a packing and shipping clerk.  (AR 43).  At no point in the assessment did the VE analyze or comment on the GED that the plaintiff performed her past relevant work at and, as such, the line of reasoning employed by defendant would only be tenable if the ALJ had adduced evidence at the hearing to that effect.  If the ALJ's decision was based on the theory that the economy local to the plaintiff would allow her to perform work as a school bus monitor or cafeteria attendant while speaking only Spanish, this reasoning should have been included in the decision.

## II. ORDER

For the foregoing reasons, the decision of the Commissioner is reversed and remanded for a proper assessment of the claimant's residual functional capacity and a reconsideration of her ability to perform work given the GED requirements

///

///

7

specified in the DOT, pursuant to Sentence 4 of 42 U.S.C. § 405(g).

DATED:July 18, 2006

_____
/s/
STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE